**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GRAVITY SPORTS, LTD., DENNIS
McGLYNN,

Defendant - Appellant.

No. 00-4098
(D. Ct. No. 96-CR-0052B)
(D. Utah)

**ORDER AND JUDGMENT***

Before **TACHA**, **McKAY**, and **HENRY**, Circuit Judges.

This appeal is from an order of the district court affirming the conviction and

sentences of defendants Dennis McGlynn and Gravity Sports, Ltd., who were charged

with aiding and abetting Paul Thompson in violating National Park Service Regulation 36

C.F.R. § 2.17(a)(3), a class B misdemeanor, by delivering a person or object to the

surface of Lake Powell in the Glen Canyon National Recreation Area on the Utah side, by

a parachute without a permit. The defendants were found guilty of these offenses and the

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

sentences were imposed by the magistrate judge and affirmed by the district court.

The defendants' appeal urges us to interpret § 2.17(a)(3) in a way that distinguishes this case from United States v. Oxx, 127 F. 3d 1277 (10th Cir. 1997). The district court in this case clearly stated

> [b]oth sides acknowledge that the parachutes used by the defendants are the same as those at issue in Oxx. As stated in Oxx, , "the term 'parachute' in § 2.17(a)(3) unambiguously applies to the parachutes used by defendants in BASE jumping." See Oxx, 127 F.3d at 1279. The Tenth Circuit further stated, "[a] parachute by any other name is still a parachute, and delivering a person by parachute is prohibited" and "[t]echnological improvement in the shape, maneuverability, and control of modern parachutes, including those used here, do not make them cease to be parachutes." Id. at 1279-80.

United States v. Gravity Sports, Ltd., No. 2:96-CR-0052 B, slip op. at 5 (D. Utah May 30, 2000).

We find that the device used in this case is exactly the same device as that used in Oxx. We therefore find no principled way to distinguish this case from prior controlling authority of this court. This appeal is controlled by Oxx, supra. The order of the district court is affirmed.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge